IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-CV-00528-RPM
(consolidated with 07-CV-00529)

GALE A. TORREY, as surviving spouse of
Mark A. Torrey, Decedent, and
SHEENA M. TORREY, as the surviving daughter of
Mark A. Torrey, Decedent, and
WHITNEY TORREY, as the surviving spouse of
Christopher Torrey, Decedent, and
JOSHUA T. TORREY, a minor,
by and through his mother and natural guardian,Whitney Torrey,

          Plaintiffs,

vs.

THE COLEMAN COMPANY, INC.

          Defendant.

---

ORDER ON PENDING MOTIONS

---

Progress toward trial of this civil action as contemplated in the Scheduling Order entered on June 18, 2007 has been delayed by the propensity of counsel to file motions. Upon review of the twenty pending motions, it is

ORDERED, as follows:

(1) Plaintiffs' motion to amend the complaint to allow a claim for punitive damages [Doc. 31] is denied. Whether there is any factual basis for an award of punitive damages will be determined at trial at the conclusion of the plaintiffs' evidence concerning the Focus 15 heater. Other Coleman products are irrelevant.

(2) Coleman's motion to strike the Stageberg declaration filed August 10, 2007 [Doc. 49] is granted.

(3) Plaintiffs' motion to compel discovery, amend the agreed protective order, and for an award of sanctions [Doc. 33] is denied.

(4) Defendant's motion to strike Notice of minute order by Thomas S. Zilley [Doc. 58] is granted, and Defendant's alternative request for leave to file a surreply is moot. Determinations by other courts in other actions involving different models of Coleman heaters are irrelevant.

(5) Defendant's motion to extend deadline for joinder of parties and designation of nonparties at fault [Doc. 62] is denied.

(6) Defendant's motion for leave to file surreply to plaintiffs' motion to add claim for punitive damages [Doc. 63] is moot.

(7) Defendant's motion for enlargement of time in which to file dispositive motions and motion for forthwith hearing [Doc. 82] is denied.

(8) Defendant's motion for partial summary judgment (felonious killing) [Doc. 83] is granted. The plaintiffs have conceded that felonious killing does not constitute a separate claim for relief. The issue of felonious killing pertains to the amount of recoverable noneconomic damages. As a matter of law, the felonious killing exception to Colorado's statutory limit on noneconomic damages does not apply to the plaintiffs' claims in this action.

(9) Defendant's motion for summary judgment [Doc. 89] is denied. The sufficiency of the plaintiffs' evidence will be evaluated at trial.

(10) Plaintiffs' motion for partial summary judgment on the defense of comparative negligence [Doc. 92] is denied.

(11) Plaintiffs' motion for partial summary judgment on the defense of product misuse [Doc. 94] is denied.

(12) Plaintiffs' motion for partial summary judgment on the defense of assumption of risk [Doc. 97] is denied.

(13) Defendant's motion for leave to file a surreply to plaintiffs' motions for partial summary judgment on the defenses of assumption of risk and product misuse [Doc. 113] is moot.

Six pending motions concern expert reports, expert depositions, and trial testimony of expert witnesses (Defendant's motion for clarification of Scheduling Order [Doc. 57]; Plaintiffs' motion to strike defendant Coleman's expert disclosures [Doc. 73]; Plaintiffs' motion to compel Coleman to pay expert witness deposition expenses [Doc. 85]; Defendant's motion to limit testimony of Plaintiffs' expert witness Dr. David Penney pursuant to Rule 702 [Doc. 112]; Defendant's motion to strike or otherwise exclude the testimony and opinions of plaintiffs' expert, Tarald O. Kvalseth, Ph.D. [Doc. 115], and Defendant's motion to strike or otherwise exclude the opinions and testimony of plaintiffs' expert, Robert Engberg [Doc. 122]). These motions and the procedure for resolution of the disputes regarding the scope of the opinions of the plaintiffs' designated expert witnesses that may be admitted; extension of time for designation of any additional expert witnesses, extension of discovery deadlines and any other matters that may require court attention will be discussed at a supplemental scheduling conference at a time to be arranged with counsel.

The joint motion for status conference [Doc. 130] is granted.

Dated: May 5, 2008

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge